UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80136-CIV-MARRA/MATTHEWMAN

RICHARD OHRN,

Plaintiff,

vs.

JP MORGAN CHASE & CO., and
CHASE INVESTMENT SERVICES CORP.,

Defendants.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for Summary Judgment on

Defendants' Fifth Affirmative Defense, and in the Alternative, Motion in Limine Regarding

Check from Wali Shah Wali (DE 131).  The Court has carefully considered the Motion and is

otherwise fully advised in the premises,

I.  Background

The facts, as culled from affidavits, exhibits, depositions, answers, answers to

interrogatories and reasonably inferred therefrom in a light most favorable to the non-moving

party, for the purpose of this motion, are as follows:

 Plaintiff Richard Ohrn ("Plaintiff") brings an action for slander per se based on

allegations that his former employer, Chase Investment Services Corp. ("CISC"),[1] falsely

accused him of having stolen money from clients.  (Am. Compl., DE 44.)  In response,

Defendants asserted the following affirmative defense: "Plaintiff's claim for slander per se fails

_____

 [1] CISC is the predecessor to Defendants JPMorgan Chase Bank, N.A. and J.P. Morgan
Securities, LLC (collectively, "Defendants").

because the allegedly slanderous statements were either true or stated as pure opinion." (Fifth Affirm. Def., DE 67.) Specifically, Defendants contend that Plaintiff stole $723, 000.00 from his former customer, Wali Shah Wali ("W. Wali").

Plaintiff testified that W. Wali gave Plaintiff a $723,000.00 check as "seed money" for RKJMO Home Investors, Inc. ("RKJMO") to help Plaintiff after Plaintiff was terminated from his position at Wells Fargo. (Pl. Sept. 26, 2013 Dep. 332-33, DE 131-1.) W. Wali dated[2] and signed the check, and the check stated it was for "investing." (Pl. Dep. 333; Check, Ex. 1, DE 139-1.) Plaintiff testified that he filled in the date and name on the check because W. Wali had vision problems.[3] (Pl. Dep. 332.) The amount of the check was determined by W. Wali. (Pl. Feb. 28, 2014 Dep. 365-66, DE 131-2.) W. Wali is not an owner of RKJMO. (Pl. Dep. 333.)

After W. Wali passed away, Plaintiff had lunch with W. Wali's daughter and personal representative of the estate, Rokhshan Wali ("R. Wali") (R. Wali Dep. 16, DE 131-3.) R. Wali asked Plaintiff about her father's finances, but Plaintiff never told her about her father writing such a large check. (R. Wali Dep. 16-17.) In fact, Plaintiff told her that $500,000.00 of her father's money was still at Chase bank. (R. Wali Dep. 27.) R. Wali later discovered that there was only $6,000.00 in the Chase account to pay for the funeral. (R. Wali Dep. 15.) Eventually, R. Wali learned a large check had been written to Plaintiff out of her father's bank account. (R. Wali Dep. 14.) R. Wali called and went to Plaintiff's office, but Plaintiff would not speak with her. (R. Wali 17.)

--------

[2] The check was dated December 15, 2012. (Check.)

[3] W. Wail's daughter testified that her father did not have vision problems. (R. Wali Dep. 31.)

Eventually, R. Wali filed a complaint against Plaintiff, Plaintiff's wife and Plaintiff's company alleging fraud, conversion, constructive trust and breach of fiduciary duty. (R. Wali Complaint, Ex. 2, DE 139-2.) During her deposition, R. Wali was asked about language in the settlement agreement that was reached in that case which stated that "she [knew] of no facts that would support [her] assertion . . . of any wrongful conduct" by Plaintiff. She testified that the statement was accurate. (R. Wali Dep. 41-42; Settlement Agreement, DE 131-5.) R. Wali further explained that "the stipulation of the mediation was that I will not say anything bad about [Plaintiff] to anybody again." (R. Wali Dep. 40-41.) With respect to the check, R. Wali stated that "the check stands for itself. It's supposed to be an investment and not a gift." (R Wali Dep. 43.) R. Wali was not present for any conversation between W. Wali and Plaintiff, including the conversation regarding the check. (R.Wali Dep. 42.)

On September 19, 2013, Plaintiff's attorney wrote a letter to R. Wali's attorney, stating that the check was a gift. (Sept. 19, 2013 letter, Ex. 3, DE 139-3.) Plaintiff testified at his deposition, however, that the money W. Wali gave him was W. Wali's money. (Pl. Dep. 369.)

Attached to Plaintiff's amended complaint is an affidavit and letter from Michael Godovik stating that he overheard people accusing Plaintiff of being a thief. The affidavit, which is dated November 15, 2014, states that the attached letter is dated September 5, 2010.[4] (Letter and Affidavit, attached to Am. Compl., DE 44.) Godovic testified he did not remember when he overheard the conversation. (Godovic Dep. 30.)

In response to Plaintiff's slander per se claim, Defendants filed a fifth affirmative defense which alleged that Plaintiff's claim fails because the allegedly slanderous statements were either

---

[4] The letter is undated.

3

true or stated as pure opinion. (Affirmative Defense, DE 67.)  Plaintiff seeks partial summary judgment on this affirmative defense, claiming that W. Wali voluntarily provided the check to Plaintiff and therefore to the extent the affirmative defense is based on Defendants' contention that the check was fraudulently obtained by Plaintiff, Plaintiff is entitled to summary judgment. Alternatively, Plaintiff seeks an order from the Court prohibiting Defendants from arguing at trial that the check was stolen or improperly obtained by Plaintiff.

II.  Legal Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant  is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574,

4

586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III.  Discussion[5]

According to Plaintiff, the record evidence demonstrates, as a matter of law, that W. Wali voluntarily provided the check to Plaintiff.  Specifically, Plaintiff relies on evidence that R. Wali testified during her deposition that she did not have any facts to support her allegations of wrongful conduct by Plaintiff.  Plaintiff also contends because the last slanderous statement was made four months prior to the date of the check, the circumstances under which Plaintiff received the check cannot form the basis for an affirmative defense of truth.

In contrast, Defendants claim there are genuine issues of material fact regarding whether

---

[5] The Court rejects Defendants' argument that this motion is successive and therefore is improper.  While Plaintiff previously filed a motion for summary judgment (DE 128), this motion seeks partial summary judgment on a different issue.  Plaintiff could have filed the motions as part of one document.  The fact that Plaintiff chose to file the motions separately does not make the instant motion improper.  Nor is this motion untimely.

Plaintiff stole $723,000.00 from W. Wali.  For example, Plaintiff filled out portions of the check.

Plaintiff also hid the check's existence from W. Wali's daughter and did not return her telephone

calls once he learned the daughter discovered the check.  Although the memo portion of the

check stated "investing," Plaintiff at times described the check as an investment and at other

times described the check as a gift.  Eventually, the daughter sued Plaintiff for fraud and

conversion.

After careful consideration, the Court finds it cannot determine, as a matter of law,

whether Plaintiff stole the money from W. Wali.  While R. Wali testified that the settlement

agreement between the parties stated that she did not have any facts to support her allegations,

she also testified that "the stipulation of the mediation was that I will not say anything bad about

[Plaintiff] to anybody again." (R. Wali Dep. 40-41.)  A reasonable fact finder could conclude that

R. Wali limited her testimony to comply with a settlement agreement.[6]  Furthermore, a

reasonable fact finder could conclude that Plaintiff engaged in suspicious activity with respect to

R. Wali when he did not tell her about the check and then refused to talk about the check with

her once she discovered its existence.  Given that Plaintiff has sued for future damages, the gap

in time between the incident with the check and the alleged slanderous statement does not render

the check irrelevant.  (Am. Compl. ¶ 45, DE 44.)

For these reasons, the Court finds summary judgment on the fifth affirmative defense

inappropriate.  The Court will consider the admissibility of evidence relating to this check at trial.

---

[6]  Plaintiff points out the settlement agreement does not contain a non-disparagement provision.  That does not mean that R. Wali did not believe she had agreed to this limitation on communication about Plaintiff.

6

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for

Summary Judgment on Defendants' Fifth Affirmative Defense, and in the Alternative, Motion in

Limine Regarding Check from Wali Shah Wali (DE 131) is **DENIED IN PART AND DENIED**

**WITHOUT PREJUDICE IN PART.**

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 1st day of August, 2014.

_____
KENNETH A. MARRA
United States District Judge

7